Case 5:21-cr-00063-MTT-CHW   Document 309   Filed 04/12/24   Page 1 of 1

AO 247 (Rev. 11/11) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Middle District of Georgia

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No:  5:21-CR-00063-009 |
| Emanuel Ivey | ) |
| | ) USM No:  78313-509 |
| Date of Original Judgment: 02/09/2023 | ) |
| Date of Previous Amended Judgment: N/A | ) Ronald Daniels |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the Policy Statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(Complete Parts I and II of Page 2 when motion is granted)*

The defendant was sentenced on February 9, 2023, to eighty-seven (87) months imprisonment (to be served consecutively to any term of imprisonment imposed in Peach County Superior Court Case 190805-43678 and Crawford County Superior Court Case 2021-02418) after pleading guilty to Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii).

On November 1, 2023, amended Sentencing Guidelines went into effect that created a new Chapter Four Guideline at §4C1.1 (Certain Zero-Point Offenders), which reduces the offense level determined under Chapters Two and Three by two (2) levels if the defendant meets all of the criteria set forth at USSG §4C1.1(a)(1) – (10). One such criterion at USSG §4C1.1(a)(7), is that the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense. In this case, the defendant was assessed a two-level enhancement, pursuant to USSG §2D1.1(b)(1), for possessing a firearm in connection with the [drug] offense. Therefore, he is not considered a "Zero-Point Offender" and is not eligible for a reduction under USSG §4C1.1(a). Pursuant to USSG § 1B1.10(a)(2) (Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)), a reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) where the amendment does not have the effect of lowering the defendant's applicable guideline range. Because the defendant's advisory sentencing range remains unchanged, his Motion for Modification of Sentence and request for court appointed counsel (Doc. 302) is **DENIED**.

Except as otherwise provided, all provisions of the judgment dated  02/09/2023  shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  4/12/2024                                      S/ Marc T. Treadwell
                                                                          *Judge's signature*

Effective Date: _____                           Marc T. Treadwell, Chief U.S. District Judge
*(if different from order date)*                              *Printed name and title*